IN THE UNITED STATES DISTRICT COURT
FOR THE DISCTRIC OF SOUTH CAROLINA
FLORENCE DIVISION

C/A NO.:

| | |
|---|---|
| Cameron Harrell. ) | |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | **(Jury Trial Demanded)** |
| ) | |
| House of Blues Myrtle Beach Restaurant ) | |
| Corp, and Live Nation Entertainment ) | |
| and Louis McPherson ) | |
| Defendants ) | |
| ) | |

The Plaintiff above named, complaining of the Defendants herein, would respectfully show unto the Court:

1. The Plaintiff is a citizen and resident of North Carolina.

2. The Defendant House of Blues Myrtle Beach Restaurant Corp. (hereinafter "HOB") is, upon information and belief, a corporation or entity organized and existing pursuant to the laws of one of these United States and does conduct business in and does maintain agents, servants, and employees in the County of Horry, State of South Carolina.

3. The Defendant Louis McPherson is an individual who was entertaining at the Defendant HOB and was at the HOB performing on the evening of the incident in the County of Horry, state of South Carolina.

4. The Defendant Live Nation is, upon information and belief, a corporation or entity organized and existing pursuant to the laws of one of these United States and

does conduct business in and does maintain agents, servants, and employees in the County of Horry, State of South Carolina.

5.     At all times herein mentioned and in regard to all matters herein mentioned the Defendants acted by and through the Defendants' agents, servants, and employees, who were at all times acting within the course and scope of their agency and employment, and for whose acts and omissions the Defendants are liable.

6.     On or about May 11, 2017, the Plaintiff was a patron at a premises owned and operated by the Defendant HOB who had a live performer that was supposed to preform and failed to show booked by Defendant Live Nation who instead replaced the performer with Defendant McPherson who then during his performance jumped from the stage onto the patrons below him or participated in "stage diving" onto the heads of the patrons on the floor below him without waring or notice.  The Plaintiff was knocked to the floor and suffered severe personal damages for which the Defendants are liable.

7     The Defendant HOB was negligent in causing injuries to the Plaintiff as follows:

a.     In permitting individuals to jump from the stage area onto the heads of patrons;

b.     In failing to properly secure the stage area from individuals jumping off the stage onto patrons;

c.     In failing to prevent performers or others from jumping off the stage onto their patrons;

d.     In failing to provide a reasonably safe environment for their patrons from individuals jumping on them from the stage area;

2

e.  In failing to warn their patrons that individuals may jump on them from the stage area;

f.  In failing to provide adequate security to reasonably assure the safety of their patrons within their establishment;

g.  In failing to use the degree of care and protection that a reasonable and prudent person would have used under the same or similar circumstances; and

h.  In such other particulars as the evidence at trial may show.

8. The Defendant Live Nation was negligent in causing injuries to the Plaintiff as follows:

a.  In permitting their performers to jump from the stage area onto the heads of patrons;

b.  In failing to warn patrons that their performers may jump on them from the stage area onto or into the crowd;

c.  In failing to use the degree of care and protection that a reasonable and prudent person would have used under the same or similar circumstances; and

d.  In such other particulars as the evidence at trial may show.

9. The Defendant McPherson was negligent in causing injuries to the Plaintiff as follows:

a.  In jumping onto the heads of patrons from the stage area in a careless and reckless manner;

b.  In failing to warn patrons he would be jumping onto them prior to jumping from the stage area;

c.        In failing to use the degree of care and protection that a reasonable and prudent person would have used under the same or similar circumstances; and

d.        In such other particulars as the evidence at trial may show.

10.      As a direct and proximate result of the joint and several negligence and recklessness of the Defendants, the Plaintiff suffered injuries as follows:

a.        Suffered severe traumatic and permanent injury to his head, neck and shoulder;

b.        Incurred substantial medical expenses and will continue to incur such expenses in the future;

c.        Suffered severe pain and mental anguish and will continue to so suffer in the future;

d.        Suffered a loss of wages and impairment in his ability to earn wages in the future; and

e.        Suffered a loss of enjoyment of life, both now and in the future.

11.      As a direct and proximate result of the joint negligence and recklessness of the Defendants which injured the Plaintiff, Plaintiff is informed and believes he is entitled to recover actual and punitive damages against the Defendants for which they are both jointly and severally liable.

      WHEREFORE, the Plaintiff prays for judgment against the Defendants for actual and punitive damages, and for the costs of this action, in an amount to exceed Twenty-Five Thousand ($25,0000.00) Dollars, and for such other and further relief as the Court may deem just and proper.

|  |  |
|---|---|
|  | s/ Pamela R. Mullis |
|  | Pamela R. Mullis, Fed. I.D. # 7254 |
|  | MULLIS LAW FIRM |
|  | Post Office Box 7757 |
| Columbia, South Carolina | Columbia, South Carolina 29202 |
| April 27, 2020 | (803) 799-9577 |

JURY TRIAL REQUESTED.

5